USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-27-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PHILLIP A. TAYLOR,

                       Petitioner,                 07 Civ. 8668(PKC)(DF)

    -against-                                  ORDER ADOPTING REPORT
                                                  AND RECOMMENDATION

FRANK RIVERA, Superintendent

                     Respondent.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        The petition for a writ of habeas corpus was referred to Magistrate Judge Debra Freeman for a report and recommendation. On April 18, 2011, Magistrate Judge Freeman issued a Report and Recommendation ("R & R") recommending that the petition be denied.

        The R & R advised the parties that they had fourteen days from service of the R & R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. The R & R expressly called petitioner's attention to Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1).

        Petitioner was granted an extension until June 5, 2011 to file his objections. He faxed the objections bearing the date of June 5 to the undersigned's Chambers on June 6. Although they were submitted a day late, the Court will nevertheless consider the objections and review the petition de novo insofar as there is an objection to the R&R.

        Magistrate Judge Freeman conveniently assigned ten numerical references to the grounds asserted for habeas relief. (R&R at 11-12.) All but one of the grounds—No. 8, the Confrontation Clause claim (which will be discussed separately)—was insubstantial. The R & R correctly concludes that grounds No. 3, 4 and 10 were procedurally defaulted. No recognized

2

ground for excusing or disregarding the procedural bar exists on this record. There were no procedural defaults as to grounds Nos. 1, 2, 5, 6, 7 and 9 and the R & R reaches the merits as to each of them. As to each, the R&R concludes that they do not satisfy the standards for grant of relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996). 28 U.S.C. § 2254(d). Upon de novo review, this Court agrees.

One ground asserted—No. 8, the Confrontation Clause claim-- warrants further discussion. The plea allocution of an accomplice, Michelle Clark, was received into evidence at trial. Clark had asserted her Fifth Amendment right not to testify out of the presence of the jury. The Court afforded the defendant's counsel the opportunity to object to the admission of the plea allocution. Counsel initially objected on the ground that the allocution did not mention the defendant by name. (Tr. 221.) The Court pointed out that had the defendant been identified by name, the express reference to defendant would likely have been redacted. (Tr. 222.) Defense counsel raised the issue of whether the introduction of the plea allocution would allow the defendant to introduce a videotaped confession by Clark on rebuttal. (Tr. 223.) As the discussion ensued—and without resolution of the issue of the admissibility of the videotape, defense counsel announced to the Court as follows: "I was withdrawing my objection to that coming in. Let that allocution come in. I have no objection, your Honor, none whatsoever." (Tr. 224.) In his objections to the R & R, petitioner does not dispute that the objection to the admission of the plea allocution was withdrawn. (Pet. Obj. 6.)

The colloquy withdrawing the objection to the admission of the plea allocution took place on October 15, 2002. The Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004) did not occur until March 8, 2004. The admissibility of the allocution was raised by appellate

3

counsel on direct appeal, by which time Crawford had been decided, but the state appellate court ruled that any error was not preserved for review.

The R & R correctly concludes that the failure to object--or the withdrawal of the objection—was an independent and adequate ground for the state court's decision. (R & R 18-19.) The R & R further correctly concludes that the petitioner had established neither cause nor prejudice for the procedural default. (Id. 19-23.) With regard to the prejudice prong, the R & R notes that the statements in Clark's plea allocution were corroborated by other trial evidence. (Id. 21-22.) The R & R further concludes that the failure to review the defaulted Confrontation Clause claim would not result in a fundamental miscarriage of justice. (R & R 22.) Based upon my de novo review, this Court agrees.

The R & R is adopted in its entirety and the petition is DENIED. The Clerk shall enter judgment for the respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253. An appeal from this Order or the resulting judgment may not be taken in forma pauperis because this Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 27, 2011